## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF COSTAR SAILING, LLC, AS OWNER and J&J YACHT SERVICES, LLC, AS OWNER PRO HAC VICE/OPERATOR OF THE S/V CARPE AURA, HULL #: FPA54253I819 and OFFICIAL NO. 1291579, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>     Petitioners. | Case No. 3:21-cv-0059 |

## ORDER

**BEFORE THE COURT** is the motion of Costar Sailing, LLC and J&J Yacht Services, LLC to approve an *ad interim* stipulation and to issue a monition and injunction in this matter. (ECF No. 2.) For the reasons stated below, the Court will approve the *ad interim* stipulation and issue a monition and injunction.

### I. FACTUAL AND PROCEDURAL HISTORY

The Carpe Aura ("the vessel") is a sailing vessel owned by Costar Sailing, LLC and operated as a charter vessel by J&J Yacht Services, LLC (collectively, the "owners"). On or about April 16, 2021, the Carpe Aura was operating on a non-commercial basis at anchor in Great Cruz Bay, St. John, U.S. Virgin Islands, when there was an explosion in the starboard engine compartment. During the explosion, two of the passengers were injured.

On July 13, 2021, the owners filed the instant limitation of liability action in this Court. (ECF No. 1.) The owners allege that the injuries suffered by the passengers at the time of the explosion were serious enough that the potential damages exceed the value of the vessel. *See* Complaint at 2-3, ECF No. 1. The owners further allege that any injuries were not due to any fault or negligence on their part. *Id.* at 3. The owners also assert that the value of the vessel is $155,000. *Id.* In support of their assertion, the owners direct the Court to the declaration of George Merritt, an insurance adjuster for Sedwick CMS, Inc., who concludes that the Carpe Aura is worth $155,000 following the April 16, 2021 explosion. *See* Decl. of Value by George Merritt, J.D. at 2, ECF No. 1-1.

On the same date, the owners also filed a motion seeking: (1) the entry of an *ad interim* stipulation; and (2) the issuance of a monition and an injunction restraining any proceedings against the owners that pertain to the dependent limitation action. (ECF No. 2.)

## II. DISCUSSION

The Limitation of Liability Act grants shipowners the right to limit liability for injury and damage claims arising out of accidents involving their vessels. *See* 46 U.S.C. § 30501, *et seq.* As the Supreme Court has explained, the animating purpose of the Act:

> was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board.

*Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 214 (1927). To that end, the Act provides that the liability of a shipowner arising out of a maritime accident "shall not exceed the value of the vessel and pending freight," so long as the accident occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505. These protections extend to the owners of pleasure vessels. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228-29 (11th Cir. 1990).

Supplemental Rule F of the Federal Rules of Civil Procedure outlines the procedure to be followed in limitations actions. First, a shipowner must file a complaint in an appropriate district court within six months of receiving written notice of a claim. Fed. R. Civ. P. Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(a). Thereafter, the shipowner must deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel . . . or approved security therefor." Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(b)(1). If the shipowner opts to provide the district court with approved security for the cost of the vessel, he must also give security "for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). Additionally, the shipowner must provide security for costs and "such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." *Id.*; *see also* 46 U.S.C. § 30511(b)(1).

After a shipowner files a limitation of liability complaint and complies with the requirements of Supplemental Rule F(1), the district court must stay all proceedings against the shipowner that involve issues arising out of the subject matter of the limitation action. *See* Supplemental Rule F(3); 46 U.S.C. § 30511(c). The district court will then issue a monition "direct[ing] all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman v. Cerasia*, 2 F.3d 519, 523 (3d Cir. 1993) (internal quotation marks omitted); *see also* Supplemental Rule F(3)-(4). Additionally, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Rule F(3).

### III.  ANALYSIS

The owners have moved for entry of an *ad interim* stipulation and the issuance of a monition and an injunction. The Court may not issue a monition or an injunction until the *ad interim* stipulation is approved. *See* Supplemental Rule F(3)-(4). As such, the Court will first consider whether approval of the owners' *ad interim* stipulation is appropriate.

The owners argue that their *ad interim* stipulation is sufficient security that satisfies the requirements of Supplement Rule F(1) such that the Court must issue an injunction and a monition. Supplemental Rule F(1) requires a shipowner to either (1) "physical[ly] surrender . . . the vessel and pending freight to a trustee," *New York Marine Managers, Inc. v. Helena Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985); *see also* Supplemental Rule F(1); (2) "deposit with the court . . . a sum equal to the amount or value of the owner's interest in the vessel and pending freight," Supplemental Rule F(1) ; or (3) deposit "approved security" for "the amount or value of the owner's interest in the vessel and pending freight," *id.* Complying with one of these three requirements "is a condition precedent to obtaining the benefits of the Limitation Act." *New York Marine Managers, Inc.*, 758 F.2d at 317.

> Submission of an *ad interim* stipulation is one way of satisfying Rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation. The stipulation is *ad interim*, or temporary, so that if the value of the vessel is challenged the court may allow for "due appraisement" of the vessel prior to entering a final order or approving a stipulation establishing the value of the vessel.

*In re the Complaint and Petition of Costar Sailing, LLC et al.*
Case No. 3:21-cv-0059
Order
Page 4 of 6

> "Due appraisement" generally means appraisement proceedings which afford interested parties an opportunity to be heard and to challenge the appraisement offered by petitioner.

*Complaint of N. Lubec Mfg. & Canning Co.*, 647 F. Supp. 1132, 1134 (D. Me. 1986) (citation omitted) (quoting Supplemental Rule F(7)); *see also The Ontario No. 1*, 80 F.2d 85, 87–88 (2d Cir. 1935) (explaining that, "[a]lthough the rule is silent on the subject," a "long standing" practice permits a shipowner to "obtain ex parte the issuance of a monition and injunction if he posts an ad interim stipulation in an amount approved by the court after examining affidavits presented by [the shipowner]").

Of course, an *ad interim* stipulation must do more than simply name the sum a shipowner believes he may be obligated to pay. When a shipowner submits an *ad interim* stipulation secured by a surety bond, the stipulation is "a substitute for the vessel itself." *See Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207, 220 (1927). It follows that, to qualify as "approved security," an *ad interim* stipulation secured by a surety bond should provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust "for the benefit of [the] claimants." *See* Supplemental Rule F(1). At the very least, this should require a letter of undertaking executed by an appropriate surety. *Cf. Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *2 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) (ordering shipowner to provide additional security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing practice, in connection with *ad interim* stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, in the complaint, the owners have filed a letter of undertaking executed by Guardian General Insurance Limited ("Guardian"), the owner's surety. (ECF No. 1-3). Guardian agrees to pay the value of the *ad interim* stipulation with 6% interest less the insurance policy deductible of $2,500. The Court finds the letter of undertaking is adequate security.

*In re the Complaint and Petition of Costar Sailing, LLC et al.*
Case No. 3:21-cv-0059
Order
Page 5 of 6

The premises considered, it is hereby

**ORDERED** that the *Ad Interim* Stipulation for Value and Letter of Undertaking by Guardian, filed herein by Costar Sailing, LLC and J&J Yacht Services, LLC, in the principal amount of $155,000 with interest thereon at a rate of 6% per annum from the date thereof, are accepted and approved as to form, quantum, and surety; it is further

**ORDERED** that any claimant who may properly become a party hereto may contest the amount or value of the Carpe Aura and the pending freight and/or charter hire on April 16, 2021, and may move the Court for due appraisal of said interest and may apply to have the amount increased or diminished, as the case may be, or the determination of the Court of the amount or value of said interest; it is further

**ORDERED** that if the amount of said *Ad Interim* Stipulation for Value is not contested by any claimant herein, said *Ad Interim* Stipulation for Value shall stand as a Stipulation for Value. In that case, an appraisal by a commissioner will not be required; it is further

**ORDERED** that Notice shall be issued out of and under the seal of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on the attorney for the Petitioners a copy thereof no less than 30 days after issuance of notice, or be defaulted and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he or she shall file and serve on the attorney for Costar Sailing, LLC and J&J Yacht Services, LLC an Answer to the Complaint on or before the said date unless his or her claim has included an answer to the Complaint so designated, or be defaulted; it is further

**ORDERED** that Costar Sailing, LLC and J&J Yacht Services, LLC shall publish the aforesaid Notice as required by Supplemental Rule F of the Federal Rules of Civil Procedure in the Virgin Islands Daily News and copies of the Notice shall also be mailed to all known claimants by Costar Sailing, LLC and J&J Yacht Services, LLC in accordance with Rule F and this order; it is further

**ORDERED** that the commencement and/or further prosecution of any action or proceeding against Costar Sailing, LLC and J&J Yacht Services, LLC the Carpe Aura in rem, its

*In re the Complaint and Petition of Costar Sailing, LLC et al.*
Case No. 3:21-cv-0059
Order
Page 6 of 6

Underwriters, or any of Costar Sailing, LLC's or J&J Yacht Services, LLC's property with respect to any claim for which Costar Sailing, LLC and J&J Yacht Services, LLC seek exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty, alleged incident and/or accident occurring on or about April 16, 2021, which is described in the complaint filed in this Court bearing Case Number 3:21-cv-0059, are hereby **STAYED AND RESTRAINED,** and all prior orders, rulings or decrees issued in conjunction with any heretofore filed libels or claims are stayed and restrained until the hearing and determination of this proceeding; it is further

  **ORDERED** that Costar Sailing, LLC and J&J Yacht Services, LLC may make service of this Order as a restraining order through the United States Post Office by mailing a copy thereof to any persons to be restrained, or their respective attorney; and it is further

  **ORDERED**, that Costar Sailing, LLC and J&J Yacht Services, LLC shall serve copies of the aforesaid notice upon all known claimants, as required by Rule F(4) of the Supplemental Admiralty Rules by U.S. mail addressed to either the claimants or, if represented by counsel, to their attorneys.

**Dated:** October 4, 2021        */s/ Robert A. Molloy*
                 **ROBERT A. MOLLOY**
                 **Chief Judge**