**IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF COSTAR SAILING, LLC, AS OWNER, AND J&J YACHT SERVICES, LLC, AS OWNER PRO HAC VICE/OPERATOR, OF THE S/V CARPE AURA, HULL #: FPA542531819 AND OFFICIAL NO. 1291579, <br><br>     Petitioners, <br>  v. <br><br> EDWARD AND CINDY MOREA <br><br>     Claimants and Third-Party Plaintiffs, <br>  v. <br><br> ATLANTIC CRUISING YACHTS, LLC, FOUNTAINE PAJOT, SA, AND CONSTANTINE BAKAS, <br><br>     Third-Party Defendants. | CASE NO.  3:21-cv-0059 |

**STIPULATED-TO PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

   **WHEREAS**, the parties in the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

   **WHEREAS**, those discovery proceedings will necessarily involve the production of certain information and documents that the parties to the Litigation (the "Parties", each a "Party") believe to be or contain commercially sensitive, confidential, proprietary, financial, and/or business information, or protectable intellectual property that has not been disclosed to the public;

   **IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulated-to Protective Order Regarding Confidentiality (the "Protective Order") will govern the production or exchange of documents, the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written

1

discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information of material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such party in good faith believes that such Discovery Material contains, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order Regarding Confidentiality ("Confidential Discovery Material"). Any Party may designate Discovery Material produced by a Party or non-Party as Confidential if the Discovery Material pertains to the designating Party's own records or information or business and it reasonably believes the produced material should be Confidential Discovery Material.

2. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

    a. In the case of documents or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" to the media containing the Discovery Material (e.g., CD-ROM or thumb drive) or otherwise mark the production as Confidential and shall also mark each document as "Confidential".

    b. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days of the depositions or other pre-trial testimony; provided that only those portions of the

279050288v.1

      transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. Unless agreed otherwise by all parties, only the portions of the deposition or hearing containing Confidential Discovery Material can be designated as confidential, not the entire testimony. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

   c. In case of any other Discovery Material, by written notice to the opposing party that the Discovery Material constitutes Confidential Discovery Material and placing a designation of confidential on it.

3. The designation of Discovery Material as Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation and that there is a good faith basis for such designation.

4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential other than deposition testimony within 30 days, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material. Such Discovery Material shall be fully subject to this Protective Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately

3

treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when produced initially, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order Regarding Confidentiality, and (iv) to ensure that any such Discovery Material and any information derived from there, is used solely for the purposes described in Paragraph 8 of this Protective Order Regarding Confidentiality.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation or have factual information related to the information contained in the Confidential Discovery Material, to the extent deemed reasonably necessary by counsel of record to assist in the prosecution or defense of the Litigation for use in accordance with this Protective Order;

   b. Counsel who represent Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Protective Order;

279050288v.1

    c. Subject to Paragraph 7, experts or consultants assisting counsel of the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying and litigation support services) who are assisting with the Litigation;

    d. Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

    e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or in the case of meeting minutes, an attendee of the meeting;

    f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

    g. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written Protective Order of, or statement on the record by, the Producing Party who provided Discovery Material being disclosed, provided that such person signs an undertaking in the form of <u>Exhibit A</u> – Agreement to be Bound by Protective Order Regarding Confidentiality hereto.

6. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Protective Order.

7. Notwithstanding Paragraph 5(c) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify or to assist counsel in this Litigation, provided that such expert or

5

consultant (i) is using said Discovery Material solely in connection with this Litigation, and (ii) further provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

8. Notwithstanding Paragraph 5(d) above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Protective Order. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Confidential Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including without limitation, any business or commercial purpose, or any other civil litigation or civil proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

10. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably

279050288v.1

calculated to prevent unauthorized disclosure.

11. Any party filing a pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court ("Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material must first file a Motion to file the documents under seal ("Filing Under Seal") pursuant to Local Rule 5.4 F.  If the motion is denied, the party can file the document without having it sealed.   If the motion is granted, then the document(s) is to be filed under seal by using the following:  **THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.**

If a paper copy of the documents are to be submitted to the Court for any reason, that document shall be submitted in a sealed envelope or package marked with the title or caption of the Litigation and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED \_\_\_\_, 20\_\_, [DE\_\_] GOVERNING CONFIDENTIALITY OF FILINGS, DOCUMENTS, AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NEITHER TO BE OPENED NOR THE CONTENTS DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

12. The Parties making a Filing Under Seal have no obligation to file public versions of any exhibits or attachments to a Filing, unless otherwise ordered by the Court.

13. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Protective Order. The provisions of this

7

Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the Party that designates such Discovery Material or testimony as Confidential.

14. The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards concerning the use and handling of Discovery Material or to modify the terms of this Protective Order.

15. Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

    a. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    b. Prejudice in any way the rights of any Party to (i) petition to the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Protective Order;

    c. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    d. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility of evidence of any document, testimony, or other evidence subject to this Protective Order Regarding Confidentiality;

    e. Preclude any party from objecting to discovery that it believes to be otherwise improper; or

    f. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

16. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel, or *pro se* as the case may be, has executed and filed with the Court its agreement to be fully bound by this Protective Order Regarding Confidentiality.

17. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if the Court had entered this Protective Order.

18. The provisions of this Protective Order shall, absent written permission of the Party which designated the nature of the Discovery Material, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in the next paragraph.

19. In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.

20. Within 45 days after receiving notice of entry of an order, judgment, or decree disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating Party, all persons having received Confidential Discovery Material shall either make a good-faith and reasonable effort to return or destroy all such Confidential Discovery Material; provided, however, that counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files, provided that such counsel shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts,

and litigation files to any person except pursuant to a court order or agreement by the Designating Party or except as otherwise required by law. Counsel for the Parties shall request, within the same (45) day period, that all experts and consultants return or destroy Confidential Discovery Materials.

21. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Protective Order if designated as Confidential.

Respectfully Submitted,

| *Attorneys for EDWARD AND CINDY MOREA* | *Attorneys for FOUNTAINE PAJOT, SA* |
|---|---|
| /s/ *Jacob Shisha* <br> Jacob Shisha, *pro hac vice* <br> Ralph. J. Mellusi, *pro hac vice* <br> Tabak, Mellusi, & Shisha LLP <br> 29 Broadway <br> New York, NY 10006 <br> T: (212) 962-1590 <br> F: (212) 385-0920 <br> jshisha@sealawyers.com <br> rjmellusi@sealawyers.com <br><br> /s/ *K. Glenda Cameron* <br> K. Glenda Cameron <br> Law Office of K. G. Cameron <br> 2006 Eastern Suburb, Suite 101 <br> Christiansted, VI 00820 <br> T: (340) 773-3444 <br> kglenda@cameronlawvi.com | /s/ *Justin J. Shireman* <br> Justin J. Shireman, *pro hac vice* <br> Wilson Elser Moskowitz Edelman & Dicker LLP <br> 260 Franklin Street, 14th Floor <br> Boston, MA 02110-3112 <br> T: (617) 422-5307 <br> F: (617) 423-6917 <br> justin.shireman@wilsonelser.com <br><br> /s/ *Adam N. Marinelli* <br> Adam N. Marinelli <br> V.I. Bar No. 1294 <br> BOLTNAGI PC <br> Merchants Financial Center <br> 4608 Tutu Park Mall, Suite 202 <br> St. Thomas, VI 00802-1816 <br> T: (340) 774-2944 <br> F: (340) 776-1639 <br> amarinelli@vilaw.com |
| *Attorney for PETITONERS* | *Attorney for CONSTANTINE BAKAS* |
| /s/ *Andrew C. Simpson* <br> Andrew C. Simpson <br> V.I. Bar No. 451 <br> Andrew C. Simpson, PC <br> 2191 Church Street, Suite 5 <br> Christiansted, VI 00820 <br> T: (340) 719-3900 <br> asimpson@coralbrief.com | /s/ *C. Jacob Gower, Esq.* <br> C. Jacob Gower, Esq. <br> Gower Legal LLC <br> 1919 Pine Street <br> New Orleans, LA 70118 <br> jacob@gowerlegal.com |

279050288v.1

*Attorneys for ATLANTIC CRUSING YACHTS, LLC*

*/s/ James E. Mercante*
James E. Mercante, *pro hac vice*
Michael Stern, *pro hac vice*
Rubin, Fiorella, Friedman, & Mercante
630 Third Avenue, 3rd Floor
New York, NY 10017
T: (212) 953-2381
jmercante@rubinfiorella.com
mstern@rubinfiorella.com


*/s/ Matthew J. Duensing*
Matthew J. Duensing
Joseph D. Sauerwein
Robin P. Seila
Duensing & Casner
9800 Buccaneer Mall, Bldg. 2, Suite 9
P.O. Box 6785
St. Thomas, VI 00804
T: (340) 774-6011 Telephone
mduensing@vilawyers.com
jsauerwein@vilawyers.com
rseila@vilawyers.com

SO ORDERED this _____ day of _____ 2023.

_____
Hon. Ruth Miller, Magistrate Judge

279050288v.1

# **EXHIBIT A**

279050288v.1

**IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF COSTAR SAILING, LLC, AS OWNER, AND J&J YACHT SERVICES, LLC, AS OWNER PRO HAC VICE/OPERATOR, OF THE S/V CARPE AURA, HULL #: FPA542531819 AND OFFICIAL NO. 1291579,<br><br>      Petitioners,<br>v.<br><br>EDWARD AND CINDY MOREA<br><br>      Claimants and Third-Party Plaintiffs,<br>v.<br><br>ATLANTIC CRUISING YACHTS, LLC, FOUNTAINE PAJOT, SA, AND CONSTANTINE BAKAS,<br><br>      Third-Party Defendants. | CASE NO. 3:21-cv-0059 |

**AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

      I have read the Protective Order Regarding Confidentiality for the Production and Exchange of Information (the "Protective Order") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the District Court of the U.S. Virgin Islands solely for purposes of enforcement of the Protective Order. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Protective Order) for purposes other than those permitted under the Protective Order.

[SIGNATURE BLOCK ON NEXT PAGE]

13

279050288v.1

_____
Name

_____
Signature

_____
Affiliation

_____
Title

_____
Date

279050288v.1