IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF | ) 3:21-cv-0059 |
| COSTAR SAILING, LLC, AS OWNER, AND | ) Claimant Demands |
| J&J YACHT SERVICES, LLC, AS OWNER | ) Trial by Jury |
| PRO HAC VICE/OPERATOR, OF THE S/V | ) |
| CARPE AURA, HULL #: FPA54253I819 | ) |
| AND OFFICIAL NO. 1291579 | ) |

**Morea Claimants' Second Supplemental Fed. R. Civ. P. 26(a)(1) Initial Disclosures**

Claimants, Edward and Cindy Morea, through undersigned counsel for their First Supplemental Initial Disclosures pursuant to Fed. R. Civ. P. 26 (a) (1) state:  (new added information is in red, documents identified in red can be downloaded via Docs Produced with Claimants Second Supplemental Rule 26 Disclosure)

**(A)(i) The names, addresses (if known) of individuals likely to have discoverable information.**

1. Edward Morea, c/o Tabak Mellusi & Shisha LLP.

2. Cindy Morea, c/o Tabak Mellusi & Shisha LLP.

3. Elizabeth Grace Morea, 420 East 80th, Apt 3E, New Yok, NY 10075.

4.  Costa Bakas, Laboard Drive. South Hampton, New York.

5.  Jim Henderson.

6.  Andrew Kovach.

7.  Pat Perulli, 27 Hemlock Rd., Manhasset, NY.

8. Healthcare providers listed on Exhibit 1, and updated as of May 2023 by Exhibit 1a, attached. Add Joseph Binns M.D. gastroenterologist, 365 Broad St. #3R, Red Bank, NJ 07701

9.  P.O. Kyle Francis, Badge No. 1339, VI Police.

10.  P.O. Yaniris Madera, Badge No. 1295, VI Police.

Claimants' Second Supplemental Fed. R. Civ. P. 26(a)(1) Disclosures page 1

11. Lt. C. Hippolyte, Badge No. 1137, VI Police.

12. Corporal Johnathan Joseph, VI Fire Department.

13. CST (Crime Scene Technician) D. Mahoney, VI Police.

14. Any individual identified in discovery by any other party to this suit.

**(A)(ii) Description of documents relevant to the issues in dispute**

1. Police Report, Morea 00001-00004[1].

3. Photographs taken by Jacob Shisha during post-accident vessel inspection, Morea 00005-00461.

4. Videos taken by Jacob Shisha during post-accident vessel inspection, files attached.

5. Photographs taken by Bryan Emund during post-accident vessel inspection, Morea 00462-00838.

6. Videos taken by Bryan Emund during post-accident vessel inspection, files attached.

7. Photographs taken by Micheal Hill during post-accident vessel inspection, Morea 00839-01452.

8. Photographs provided by Morea (pre- and post-accident), Morea 01453-01480.

9. Videos provided by Morea (pre accident), attached.

10. Post-accident photographs provided by Petitioners, Morea 01481-01492.

11. Post-accident videos provided by Petitioners; files attached.

12. Medical records and bills of healthcare providers listed in (A)(i) above

---

[1] The attached Bates stamped documents and video files can be downloaded via https://1drv.ms/u/s!AvgT1kHlXoPihC6JLkmMz_p87hV5?e=vSaLiA

Claimants' Second Supplemental Fed. R. Civ. P. 26(a)(1) Disclosures page 2

        Records from the following healthcare providers are attached.

        a.      Schneider Regional. Morea 01493-01558.

        b.      Broward Medical Center, Morea 01559-02049.

        c.      Inglemoor Rehab Center, Morea 02050-03386.

        d.      University Hospital, Morea 03552-03861.

        e.      Seaview Orthopedics, Morea 03862-03881.

        f.      Michael Sirkin, M.D., Morea 03882-04016.

        g.      Joseph Cuada, M.D., Morea 04056-04076.

        h,      Wayne Bebarian, M.D., Morea 04077-04085.

        i.      Robin Flieger Dizziness and Balance Center  Morea 04086-04126.

13.    Wheelchair accessible van rental agreement and payments, Morea 03387-03394.

14.    Claimants' 2018, 2019 and 2020, 2021 tax returns and W2s (redacted to remove Social Security numbers), Morea 03395-03463.  Plaintiff's 2021 tax returns and W2 Morea 03464-03511, and 2022 tax returns and W2 Morea 03512-03551(attached).

15. Receipts for handicap van rental and medical appliances Morea 4086-04097.

16. Any document produced by any other party during discovery.

**(A)iii Damage Computation**

Claimant Edward Morea has incurred medical expenses, loss of earning, pain and suffering and will incur future medical expenses, loss of earnings/earnings potential

pain and suffering. Claimant Cynthia Morea has incurred loss of services and loss of consortium and will incur future loss of services as a result of the injuries sustained by her husband, Edward Morea.

A list of medical bills received through December 21, 2021 is attached as Exhibit 2 (updated to May 2023 Exhibit 2a).    Claimants have had to rent a wheelchair accessible van for $17,914, and an additional $13,836 in medical equipment and appliances see Morea4086-04097.  Edward Morea is still under active treatment and continues to incur medical expenses.  Claimants have incurred an additional $22,022 of out-of-pocket medical expenses that were not covered by his health insurance; spreadsheet of out-of-pocket expenses attached as Ex. 3.  Claimants have received a $25,000 payment from CARPE AURA's insurance underwriters, which was the limit of the vessel's Medical Payment Coverage.

Moreas will retain an economist to compute the loss of past earnings and future earnings/earnings potential. Edward Morea was totally disabled from work from April 16, 2021, to February 1, 2022, at which time he was partially disabled and returned to work part time 16 hours a week, and received a 16/40 of his salary. On November 16, 2022, Edward Morea was able to work 20 hours a week and received 50% of his salary.  On May 22, 2023, Edward Morea returned to working 40 hours a week and receives 100% of his salary.  Although receiving full salary, Mr. Morea is still considered disabled by his employer because his job description requires travel 50% of the time, and he is unable to travel due to his injuries. Due to his inability to travel Mr. Morea's employer is transferring him to another position in the company that does not require travel in their 1st fiscal quarter (August) Mr. Morea does not know what position he will get and the compensation.  A large portion of Mr. Morea's compensation is commission based, and he has had a significant reduction in commission due to his inability to travel.

Claimants estimate that Edward Morea's loss of salary to date is approximately $290,000, loss of commission an additional $157,000. Mr. Morea would receive $60,000 of restricted Cisco stock a year, he was not eligible for the stock awards while he was on disability, he estimates his loss of stock awards to be an additional $180,000. Mr. Morea will also incur future loss of earnings because he cannot travel, which is crucial in a sales position, and his commission earnings will be significantly less than what he could have earned had he not been injured.

Mr. Morea did receive short term disability insurance payments from April 16, 2021, to October 12, 2021, and long terms disability insurance payments from October 13, 2021, to May 23, 2023. The disability insurance payments are collateral source payments for which Petitioners and Third-Party Defendants do not receive credit for. Claimants will also retain a lifecare planner to estimate the costs of future medical care. Edward Morea claims past and future pain and suffering and Cindy Morea claims past and future loss of services in an amount to be proven at trial.

                                    **RESPECTFULLY SUBMITTED**
                                    **Tabak Mellusi & Shisha LLP**

**DATED: July 20, 2023,**        BY:   **/s/ Jacob Shisha**
*Admitted Pro Hac Vice***:**                **Jacob Shisha, Esq**.
                                    Ralph J. Mellusi, Esq.
                                    **Tabak Mellusi & Shisha LLP**
                                    29 Broadway, New York, NY 10006
                                    Tel (212) 962-1590
                                    Fax(212) 385-0920
                                    Email: **Jshisha@sealawyers.com**
                                    Email: **rjmellusi@sealawyers.com**

                                    **LAW OFFICES OF K.G. CAMERON**
                                    **Of Counsel Attorney for Claimants**

**DATED: July 20, 2023,**        BY:   **/s/ K. Glenda Cameron**
                                    K. Glenda Cameron, Esq.
                                    VI Bar No. 683

          Physical:  No. 29 A King Cross Street
          **Mailing:  2157 King Cross Street, No. 1**
          Christiansted, St. Croix
          U.S. Virgin Islands 00820
          Telephone: (340) 773-3444
          Email: kglenda@cameronlawvi.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **CLAIMANTS Second Supplemental' Fed. R. Civ. R 26 Initial Disclosures** was served via email **on July 20, 2023,** and then was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

    **Andrew C. Simpson, P.C**.
    2191 Church St., Ste 5
    Christiansted, VI 00820
    Andy Simpson asimpson@coralbrief.com

    **C. Jacob Gower, Esq.**

    1919 Pine St.
    New Orleans, LA 70118
    Jacob Gower jacob@gowerlegal.com

    **Law Office of Duensing & Casne**r
    **Matthew J. Duensing, Esq.**
    **Joseph D. Sauerwein, Esq.**
    **Robin P. Seila, Esq.**
    9800 Buccaneer Mall, Bldg. 2, Suite 9
    P.O. Box 6785
    St. Thomas, VI 00804
    (340) 774-6011 Telephone
    mduensing@vilawyers.com
    jsauerwein@vilawyers.com


    Rubin, Fiorella, Friedman, & Mercante James
    **E. Mercante, Esq.**
    **Michael Stern, Esq.**
    630 Third Avenue, 3rd Floor New
    York, NY 10017
    (212) 953-2381
    MStern@rubinfiorella.com
    JMercante@rubinfiorella.com

Ravinder S. Nagi, Esq. V.I. Bar No. 1034
Adam N. Marinelli, Esq. V.I. Bar No. 1294

BOLTNAGI PC
Merchants Financial Center 4608 Tutu Park Mall, Suite 202 St. Thomas, VI 00802-1816 (340)
amarinelli@vilaw.com
rnagi@vilaw.com

Justin J. Shireman, *pro hac vice*
Wilson Elser Moskowitz

/s/ *Jacob Shisha*