# SUBPOENA

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF COSTAR SAILING, LLC, AS OWNER, AND J&J YACHT SERVICES, LLC, AS OWNER PRO HAC VICE/OPERATOR, OF THE S/V CARPE AURA, HULL #: FPA54253I819 AND OFFICIAL NO. 1291579 | 3:21-cv-0059<br>Third-Party Plaintiffs Demand<br>Trial by Jury |
| EDWARD AND CINDY MOREA | |
| Claimants and Third-Party Plaintiffs | |
| -against- | |
| ATLANTIC CRUISING YACHTS, LLC<br>FOUNTAINE PAJOT, SA and<br>CONSTANTINE BAKAS | |
| Third-Party Defendants | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:  **NICHOLAS HULBERT**

ADDRESS:  c/o WAYPOINT,
3562 Honduras Frenchtown Marina,
St Thomas 00802, U.S. Virgin Islands

*[X]Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a **deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:**

Place: Date and Time:

| DATE/ TIME | LOCATION |
|---|---|
| **August 16, 2023**<br><br>**1:30 P.M.** | **LAW OFFICES OF DUENSING & CASNER,**<br>**9800 Buccaneer Mall, Bldg. 2, Suite 9, St. Thomas, U.S.V.I. 00804**<br>**Tel: (340) 774-6011** |

**The deposition will be recorded by this method: Court Reporter and Zoom.**

[ ] *Production:* **You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**DATED: August 10, 2023**

| | | |
|---|---|---|
| **CLERK OF COURT** | **[OR]** | **LAW OFFICES OF K.G. CAMERON**<br>**Attorneys for Claimants** |

By: _____

Deputy

*/s/ Glenda Cameron*

_____
K. Glenda Cameron, Esq.
VI Bar No. 683
2157 King Cross Street, Suite 1
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 773-3444
Fax: (800) 869-0181

**Tabak Mellusi & Shisha LLP**

BY:  */s/ Jacob Shisha*
**Jacob Shisha, Esq**.
Ralph J. Mellusi, Esq.
**Tabak Mellusi & Shisha LLP**
29 Broadway
New York, NY 10006
Tel (212) 962-1590
Fax (212) 385-0920
**Email: Jshisha@sealawyers.com**
**Email: rjmellusi@sealawyers.com**

*Admitted Pro Hac Vice*:

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____   _____
           *Date*                          *Signature of Server*

_____
*Address of Server*

**ADDITIONAL INFORMATION**

Rule 45, Federal Rules of Civil Procedure, Parts C &D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) required disclosure of privilege or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) required a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the Court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.