IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF COSTAR SAILING, LLC, AS OWNER, AND J&J YACHT SERVICES, LLC, AS OWNER PRO HAC VICE/OPERATOR, OF THE S/V CARPE AURA, HULL #: FPA54253I819 AND OFFICIAL NO. 1291579 | CASE NO. 3:21-cv-00059 |
| EDWARD AND CINDY MOREA, | |
| Claimant and Third-Party Plaintiffs | |
| v. | |
| ATLANTIC CRUISING YACHTS, LLC, *et al.* | |
| Third-Party Defendants | |

## ORDER

Before the Court is Petitioners Costar Sailing, LLC and J&J Yacht Services, LLC's ("Petitioners") request for entry of default [ECF 161] pursuant to Federal Rule of Civil Procedure 55(a). Specifically, Petitioners request the Clerk to enter default against "all persons, other than Edward Morea or Cindy Morea, with a claim against Costar Sailing, LLC and/or J&J Yacht Services, LLC arising out of the explosion on April 16, 2021 on board the S/V CARPE AURA as more fully described in the Complaint and Petition for Exoneration from and/or Limitation of Liability filed in this matter (Doc. No. 1)."[1] For the reasons to follow, the request for entry of default [ECF 161] will be denied.

This matter was initiated under the Limitation of Liability Act[2] in accordance with Federal Rule of Civil Procedure 9(h). The Complaint/Petition further designated the claim as an admiralty

---

[1] ECF 161 at 1.
[2] 46 U.S.C. §30501, *et seq.*

or maritime claim for purposes of Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[3] Rule F provides the procedural requirements to be adhered to in limitation actions, including that of notice to all potential claimants. Specifically, Rule F(4) provides in pertinent part as follows:

> … the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed.R.Civ.P. Supplemental Rule F(4).

On January 13, 2022, the Clerk entered the following monition (i.e., notice) to all potential claimants:

> NOTICE IS GIVEN that pursuant to Order of this Court entered October 4, 2021, and upon motion of Petitioners, an Order was issued directing all persons claiming damage for any loss of life, personal injury, loss, destruction and/or damage arising from an explosion aboard the S/V CARPE AURA in the vicinity of Great Cruz Bay, St. John, U.S. Virgin Islands on April 16, 2021 to file their claims and answer according to law on or before the 30th day from the final publication of this Monition in the Virgin Islands Daily News or forever be defaulted.[4]

Thereafter, on April 14, 2022, Petitioners filed proof of publication [ECF 34] that establishes the above notice was published in the *Virgin Islands Daily News* on February 9, 15, 21, and 28, 2022.

---

[3] ECF 1 at 1.
[4] ECF 25.

Finally, in their present request, Petitioners – through counsel – aver that no other party has filed a claim or answer other than Edward and Cindy Morea.[5]

As for entry of default, Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk must enter such default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed.R.Civ.P. 55(a). In this instance, however, Petitioners do not seek entry of default as to a party, but instead seek entry of default against all persons who have, but did not assert, a claim related to the incident. Under Rule 55(a), a petitioner is not entitled to entry of default (or a default judgment) against a non-party. *See Culver v. U.S.*, 2019 WL 6402957, *2 (M.D. Pa. 2019) (string citations omitted). Notwithstanding its denial of the request for entry of default, the Court is cognizant that the time period in which to submit claims in this matter has long since elapsed, with the applicable statute of limitations period having expired as well.

The premises considered, it is hereby

**ORDERED** that Petitioners' Request for Entry of Default [ECF 161] is **DENIED**.

ENTER:

Dated: September 30, 2024

*/s/ G. Alan Teague*
G. ALAN TEAGUE
U.S. MAGISTRATE JUDGE

---

[5] ECF 161 at 2.